# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| **MICHAEL MULHALL,** | **Case No. 8:24cv251** |
| **Plaintiff,** | |
| v. | **STIPULATED PROTECTIVE ORDER** |
| **AUTO-OWNERS INSURANCE COMPANY,** | |
| **Defendant.** | |

THIS MATTER is before the Court on the stipulation of the parties regarding the entry of the following Protective Order. The Court hereby accepts the parties' stipulation and enters the following Protective Order:

1. The parties anticipate that documents and information have been and may hereafter be requested in this matter which contain or consist of valuable trade secret and other proprietary or personal information (hereafter "Confidential Information"). Any documents produced or information provided by either party pursuant to or in response to any discovery request may be designated by such party as "confidential" in the following manner:

    a. By physically imprinting the words "8:24-CV-00251: CONFIDENTIAL AND SUBJECT TO PROTECTIVE ORDER" by Bates stamp or watermark on every page of any document produced. The watermark will be placed diagonally across each page in a non-editable format.

    b. By electronically imprinting the words "8:24-CV-00251: CONFIDENTIAL AND SUBJECT TO PROTECTIVE ORDER" by Bates stamp or watermark on every page of any document produced.

    c. By imprinting the words "8:24-CV-00251: CONFIDENTIAL AND SUBJECT TO PROTECTIVE ORDER" next to or above any Answer to any Interrogatory or any other written discovery response.

    d. With respect to deposition transcripts, by making arrangements with the attending court reporter to bind the confidential portion(s) of such transcripts separately and label them as "CONFIDENTIAL AND SUBJECT TO PROTECTIVE ORDER."

    e. Such portions of any deposition transcript that are to be designated as confidential, shall also be designated as such on the record when possible, but a party may also designate portions of the deposition as confidential within thirty (30) days after the date of final transcription.

2. All documents and information provided in response to a discovery request in the form of deposition testimony designated as "confidential" shall be subject to the following restrictions:

    a. Such documents or information shall be used only for the purpose of the litigation in this matter and not for any other purpose, whether business or otherwise.

    b. Such documents or information shall not be communicated or disclosed in any manner, either directly or indirectly, to anyone other than:

        i. The attorneys of record and persons employed by them, including court reporters and/or vendors the attorneys utilize for litigation support;

        ii. Outside experts who have, prior to disclosure, agreed to be bound by the terms of this Protective Order;

        iii. Plaintiff or Defendant and their officers, employees, or agents, including insurers, who need to be informed for purposes of this litigation;

        iv. The Court and Court personnel; and

        v. Such other persons as the Court may specifically approve after notice and hearing.

    c. That all information designated as "confidential" in whatever format shall be furnished only under the terms of this Protective Order and shall be treated by all persons accorded access pursuant to this Protective Order as constituting Confidential Information and shall neither be used nor disclosed except for the purpose of this litigation, and solely in accordance with this Protective Order or subsequent Order of the Court.

    d. No Confidential Information shall be further disclosed to anyone except those categories of persons provided herein who have signed an Acknowledgement in

    the form attached hereto as Attachment A, and to whom disclosure is necessary for the purposes associated with this lawsuit. The parties' counsel of record, and other persons or entities retained to assist in this lawsuit who have signed a Non-disclosure Agreement, shall appropriately notify such persons or entities that the disclosure is made in confidence and must be kept in confidence in accordance with this Protective Order.

    e. Individuals authorized to review Confidential Information pursuant to this Protective Order shall hold such information in the strictest confidence and shall not divulge the information, either verbally or in writing, to any other person, entity, or government agency unless authorized by the producing party or Order of the Court.

    f. Individuals authorized to review Confidential Information pursuant to this Protective Order shall also maintain any Confidential Information in a secure area and exercise due care with respect to storage, security, custody, and use of the information.

    g. Before trial, counsel for the parties shall agree to the appropriate means to protect the confidentiality of the information that counsel desire to present at trial. If counsel cannot reach an agreement, they shall apply to the Court for resolution of the issue.

    h. There shall be no reproductions of any confidential documents or information, except that, as required in the course of this litigation, copies, excerpts, or summaries may be shown or given to those persons authorized by this Protective Order to receive such documents or information.

    i. All Confidential Information filed with the Court shall be filed and maintained under seal until further Order of the Court. The filing party shall include a notice to the Court and other parties that the document filed contains "Confidential" or "Protected Material" subject to the provisions of this Order.

3. Pursuant to Federal Rule of Evidence 502(d), if any information is disclosed or produced, whether inadvertently or otherwise, which is protected by attorney-client privilege, work product doctrine, or any other protection or immunity from discovery in this, or any subsequent state or Federal proceeding, such disclosure or production shall not be deemed

to be a waiver of the protected status. If any party becomes aware of the production or disclosure of such protected information by any other party, the party becoming aware of such production or disclosure party shall provide written notice of such production or disclosure within five (5) business days after it becomes aware that protected information has been disclosed or produced.

4. Upon final termination of this action, including all appeals, all confidential documents and any other confidential information which was provided in discovery, including any copies; excerpts; or summaries, except items which constitute attorney work product as defined by applicable law; that have been prepared from or have utilized such information by a party, its counsel, or other persons or entities retained to assist such party in this litigation, shall be returned to the producing party or destroyed by counsel within thirty (30) days of the conclusion of the case.

5. Upon final termination of this action, including all appeals, the obligations of the parties delineated in this protective order shall survive and continue to bind the parties and their counsel and the court shall have continuing jurisdiction to enforce this protective order.

6. Nothing herein shall be construed to limit or otherwise restrict a party's right to raise objections to discovery requests, whether the objection relates to written discovery requests or testimony during depositions.

7. Production of documents or information from the documents testified to by any party at trial shall not constitute a waiver of the provisions of the Stipulated Protective Order.

DATED this 12th day of September, 2024.

BY THE COURT:

s/Michael D. Nelson
United States Magistrate Judge

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| MICHAEL MULHALL, | : | |
| Plaintiff, | : | Case No. 8:24cv251 |
| v. | : | FORM PROTECTIVE ORDER |
| | : | ATTACHMENT A |
| AUTO-OWNERS INSURANCE COMPANY, | : | |
| Defendant. | : | |

The undersigned hereby acknowledges that [he/she] has read the Protective Order dated [INSERT DATE OF OPERATIVE PROTECTIVE ORDER] in the above-captioned action and attached hereto, understands the terms thereof, and agrees to be bound by its terms. The undersigned submits to the jurisdiction of the United States District Court for the Southern District of Ohio in matters relating to the Protective Order and understands that the terms of the Protective Order obligate [him/her] to use documents designated "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "ATTORNEYS' EYE ONLY – SUBJECT TO PROTECTIVE ORDER" in accordance with the Order, solely for the purpose of the above-captioned action, and not to disclose any such documents or information derived directly therefrom to any other person, firm, or concern.

The undersigned acknowledges that violation of the Protective Order may result in penalties for contempt of court.

Name: _____

Job Title: _____

Employer: _____

Business Address: _____

_____

_____

_____

Date: _____          _____
                               Signature

**PREPARED AND SUBMITTED BY:**

Michael T. Gibbons, #21263
Christopher D. Jerram, #19730
Michael J. Leahy, #20740
Woodke & Gibbons, PC, LLO
Historic Inns of Court Building
619 North 90th Street
Omaha, Nebraska 68114
Telephone: (402) 391-6000
Facsimile: (402) 391-6200
mgibbons@woglaw.com
cjerram@woglaw.com
mleahy@woglaw.com
*Attorneys for Defendant*
*Auto-Owners Insurance Company*

**APPROVED AS TO FORM AND CONTENT:**

John M. Lingelbach, #20429
Gabreal M. Belcastro, #27019

Koley Jessen
One Pacific Place
1125 S, 103rd Street, Suite 800
Omaha, NE  68124-1079
402-390-9500
John.lingelbach@koleyjessen.com
Gabreal.Belcastro@koleyjessen.com
***Attorneys for Plaintiff***